UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

v.                                                    Case Nos.    3:09cr109/LAC/CJK
                                                                   3:12cv485/LAC/CJK
IVAN DAVID JIMENEZ-RODRIGUEZ
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 66).  The Government has filed a response (doc. 70) and Defendant has filed a reply, styled as Objections to Government's Response to his Section 2255.  (Doc. 73).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record, it is the opinion of the undersigned that Defendant's motion should be dismissed as moot.

**BACKGROUND and ANALYSIS**

Defendant pleaded guilty to a single charge of unlawful reentry into the United States after deportation, removal or exclusion.  (Doc. 19).  On March 9, 2010, the district court sentenced him to a term of 24 months imprisonment, followed by two

years of supervised release.  (Doc. 27).   One of the conditions of supervised release was that Defendant not "reenter the United States without permission of the Attorney General." (Doc. 27 at 4).  Defendant appealed his sentence, and the Eleventh Circuit affirmed.  (Doc. 49).

On January 24, 2012, the district court ordered a warrant due to Defendant's alleged violation of mandatory and special conditions of release after Defendant was purportedly encountered by Border Patrol Agents in Laredo, Texas. (Doc. 52). Defendant entered a plea of guilty to unlawfully entering the United States in Southern District of Texas case number 5:12po143, and the Texas court imposed a 180 day sentence.  (Doc. 52; doc. 70, exh. A).  On May 29, 2012, this district court sentenced Defendant on the VOSR to an additional term of 24 months in custody. (Doc. 64).  The court ordered the sentence to run consecutively with the sentence imposed in the Southern District of Texas, with no supervised release to follow. (*Id*.).

Defendant filed the instant motion pursuant to the prison mailbox rule on August 22, 2012. The two claims therein relate to the consecutive nature of his sentence.  First, Defendant claims that his lawyer was constitutionally ineffective because counsel told him that the six month sentence in Texas would run concurrent with the sentence imposed in Defendant's VOSR case and then failed to object when the court imposed a consecutive sentence.  Second, Defendant requests that the court "back date" the date of his sentence nunc pro tunc, to essentially achieve concurrent sentences.

The undersigned has confirmed that Defendant was released from the custody of the BOP on May 1, 2014.  *See* http://www.bop.gov/inmateloc/.   Although Defendant is no longer incarcerated, this case is not necessarily moot.  Once invoked,

federal jurisdiction is not automatically defeated by the release of a defendant before the section 2255 motion is resolved. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). A defendant who is serving a term of supervised release, for instance, is still subject to restrictions on his liberty which could be affected if he prevails in an action challenging his conviction and sentence. *See Dawson v. Scott*, 50 F.3d 884, 886 n. 2 (11th Cir. 1995) (citing *Jago v. Van Curen*, 454 U.S. 14, 21 n. 3 (1981) (per curiam)). In the case at bar, however, Defendant is not serving a term of supervised release. His sentence expired upon his release from prison. Because Defendant challenges only his sentence, rather than his conviction, the court cannot provide Defendant with the relief sought in his motion; no case or controversy remains. *See Bailey v. United States*, 2013 WL 4851679 at *5–*6 (N.D. Al. Sept. 10, 2013) (citing cases) Therefore Defendant's motion should be denied as moot.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   The motion to vacate, set aside, or correct sentence (doc. 66) be **DISMISSED AS MOOT**.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 17th day of August, 2015.


_/s/ Charles J. Kahn, Jr._
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos. 3:09cr109/LAC/CJK; 3:12cv485/LAC/CJK